**M.H., on behalf of his son, A.H. and J.H., on behalf of her son, A .H., Plaintiffs–Appellees,**

v.

**MONROE–WOODBURY CENTRAL SCHOOL DISTRICT, Defendant– Appellant.**

No. 04–5966–CV.

United States Court of Appeals, Second Circuit.

Dec. 5, 2005.

Michael H. Sussman, Law Offices of Michael H. Sussman, Goshen, New York, for Plaintiffs–Appellees.

James P. Drohan, Donoghue, Thomas, Auslander & Drohan, Hopewell Junction, New York, for Defendant–Appellant.

PRESENT: SOTOMAYOR, KATZMANN, Circuit Judges, and EATON, Judge.*

SUMMARY ORDER

Defendant-appellant Monroe–Woodbury Central School District ("Monroe") appeals from a judgment of the United States District Court for the Southern District of New York (Brieant, J.) granting the plaintiffs-appellees' motion for summary judgment and awarding tuition reimbursement to the plaintiffs-appellees, as parents, under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Monroe also moves for permission to supplement the record on appeal or, alternatively, for remand of the case to the district court for further development of the record. We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

Monroe seeks to supplement the record before this Court with the records of the administrative proceedings before the New York State Review Officer ("SRO") and the impartial hearing officer ("IHO"), which were not docketed before the district court. Thus, it is unclear to this Court whether the district court had these records before it when it decided this case.

---

* The Honorable Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

These records are essential: In reviewing SRO and IHO decisions regarding a challenged individualized educational program ("IEP"), a district court is required to give "due weight" to the findings of the administrative hearing and review officers and may not simply substitute its own notions of sound educational policy for those of the school authorities it reviews. *See Bd. of Educ. v. Rowley*, 458 U.S. 176, 206, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982); *Walczak v. Florida Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir.1998). A district court must carefully consider the administrative findings and, when reversing them, must explain its rationale for doing so. *See M.S. v. Bd. of Educ. of Yonkers*, 231 F.3d 96, 105 (2d Cir.2000).

The district court in this case overruled the findings of the SRO and IHO without discussing the administrative determination that the IEP Monroe offered plaintiffs-appellees' child was adequate under the IDEA or explaining why this determination should not be credited. Similarly, the district court failed to explain why it rejected the administrative findings on the appropriateness of the private educational services procured by the plaintiffs-appellees. In the absence of such explanation, we cannot determine whether the district court's reversal of the SRO and IHO's findings constituted more than an impermissible choice "between the views of conflicting experts on a controversial issue of educational policy ... in direct contradiction of the opinions of state administrative officers who had heard the same evidence." *Grim v. Rhinebeck Cent. Sch. Dist.*, 346 F.3d 377, 383 (2d Cir.2003).

For the reasons stated above, we VACATE the district court's judgment, GRANT Monroe's motion, and REMAND the case for further consideration consistent with this order.[1]

---

1. We note that the Supreme Court recently issued a decision in *Schaffer v. Weast*, 546 U.S. ——, 126 S.Ct. 528, —— L.Ed.2d —— (2005). At oral argument, appellee's counsel indicated that *Schaffer* may have an impact on the present case. In addition to addressing the issues discussed in this order, the district court should consider the potential impact of *Schaffer v. Weast* on the case at bar.